# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Sergio Mendez Betanco,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-01869-PHX-SHD (ASB)

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention. Petitioner argued he entered the United States without inspection in November 2021 and, after a short period of detention, was released on his own recognizance. (*Id.* ¶ 25.) Petitioner was redetained on January 16, 2026 without notice or an opportunity to respond. (*Id.* ¶ 5.) The Court ordered Respondents to show cause why the Petition should not be granted and cited a series of cases concluding individuals in Petitioner's circumstances are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. (Doc. 4 at 2.)

Respondents responded to the OSC indicating "[u]nder the facts and circumstances of this case, particularly given that Petitioner was previously released under 8 U.S.C. § 1226(a), Respondent's [sic] do not oppose Petitioner's request for a bond hearing pursuant to 8 U.S.C. § 1226(a)." (Doc. 7.) But Respondents ignore that a bond hearing was not the extent of Petitioner's request for relief. Rather, Petitioner's prayer for relief included requesting that the Court: "Grant a writ of habeas corpus

ordering Respondents to immediately and unconditionally release Petitioner from custody, or at minimum, order a bond hearing with adequate procedural protections[.]" (Doc. 1 at 40.)

Respondents failed to respond to the issues raised in the Order to Show Cause or explain the basis for Petitioner's redetention.  In so doing, Respondents have waived any challenge to Petitioner's due process claim that he was entitled to a pre-deprivation hearing before being redetained.  *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

Petitioner's claims is nonetheless meritorious.  The Court has little difficulty concluding Petitioner had a protected liberty interest in his release from immigration detention and was entitled to a pre-deprivation hearing before rearrest and detention. *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); *see also Y.M.M. v. Wamsley*, No. 2:25-02075, 2025 WL 3101782, at *3 (W.D. Wash. Nov. 6, 2025); *Ramirez Tesara v. Wamsley*, No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663, at *5,__ F. Supp. 3d __ (W.D. Wash. Sep. 12, 2025); *E.A. T.-B. v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *2–6,__ F. Supp. 3d __ (W.D. Wash. Aug. 19, 2025); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is inherent in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).[1]

[1] Respondents also did not address the three-pronged test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). *Mathews* explains "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards";

For these reasons, the Petition will be granted, and Petitioner will be ordered released from custody immediately.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his redetention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 25th day of March, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

---

and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  Id. at 335.  The Court finds that the *Mathews* factors weigh in favor of determining Petitioner was entitled to a hearing before being redetained.  *See J.E.H.G. v. Chesnut*, 1:25-CV-01673-JLT SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025) ("[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk.  Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention.").  "The only potential injury the government faces is a short delay in detaining [Petitioner] if it ultimately demonstrates to a neutral decisionmaker by clear and convincing evidence that [the] detention is necessary to prevent danger to the community or flight."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037-38 (N.D. Cal. 2025).